# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INTERCO TIRE CORPORATION | ) | CIVIL ACTION NO. _____ |
| | ) | |
| VERSUS | ) | JUDGE _____ |
| | ) | |
| EARTH ART GEMS & JEWELRY | ) | MAGISTRATE JUDGE _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff INTERCO TIRE CORPORATION ("Interco" or "Plaintiff") hereby files this Complaint on personal knowledge as to its activities and on information and belief as to the activities of others:

## NATURE OF ACTION

1.      This is a complaint for trademark infringement, trade dress infringement, trademark dilution, and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq*., as amended (the "Lanham Act"), and for trademark infringement, trade dress infringement, unfair competition and trademark dilution under the laws of the State of Louisiana and common law.

## THE PARTIES

2.      Plaintiff Interco is a corporation organized and existing under the laws of Louisiana and having a principal place of business at 2412 Abbeville Highway, Rayne, Louisiana 70578.

3.      Defendant Earth Art Gems & Jewelry ("Earth Art") is a California corporation having a principal place of business at 10506 Cuesta Ct., Atascadero, California 93422-5813. On information and belief, Earth Art maintains a website available on the World Wide Web with an

Internet address resolving at the Uniform Resource Locater ("URL")

www.earthartgemandjewelry.com.


## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

5.      Venue over these claims is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other reasons, Defendant Earth Art is subject to personal jurisdiction in this judicial district, and has committed, induced and/or contributed to acts of trademark infringement, trade dress infringement, trademark dilution, and unfair competition in this judicial district.

6.      On information and belief, Defendant is subject to the Court's specific and general personal jurisdiction, including by and on account of its retail sales in Lafayette Parish and/or other locations in this judicial district, its direct sales and other activities over its website, pursuant to due process and/or the Louisiana Long Arm Statute, and due at least to its substantial business in this forum, including;  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from sales of products and/or services provided to persons in Lafayette Parish, Louisiana and in this judicial district.

## BACKGROUND

7.      Interco has, itself and through authorized distributors, sold high quality tires, wheels and related goods ("Interco Products") using certain trademarks for more than forty (40) years.  Such marks have become famous trademarks uniquely associated with Interco and its quality goods.

8.      The continuous and broad use of trademarks and trade names associated with Interco during this time enabled Plaintiff to achieve world-wide celebrity under its trademarks.

9.      Inspired by the spirit of its founder, Interco uses various trademarks on its tires, wheels and related goods, as well as throughout its website at www.intercotire.com, in catalogues, and in various retail stores throughout the United States.

10.     Interco's trademarks, described more fully below, bring to consumers' minds the Interco Products, and Plaintiff's commitment to quality and design.

11.     Interco is the owner of the entire right, title and interest in and to, *inter alia*, the following federally-registered trademarks and/or service marks:

      (a)      Mark: "Super Swamper"
              Registration No. 1,102,636
              Registration Date: September 19, 1978

      (b)      Mark: "Swamper"
              Registration No. 1,124,281
              Registration Date: August 21, 1979

      (c)      Mark:  "TSL"
              Registration No. 1,908,338
              Registration Date:  August 1, 1995

      (d)      Mark:  "Thornbird"
              Registration No. 1,835,375
              Registration Date:  May 10, 1994

      (e)      Mark:  "Bogger"
              Registration No. 1,944,882
              Registration Date:  January 2, 1996

12.     Attached to this Complaint as Exhibit A are true copies of printouts from the United States Patent and Trademark Office ("USPTO") website evidencing Plaintiff's ownership of these trademarks. All of the registrations set forth on Exhibit A are valid, subsisting, unrevoked and uncancelled.

13.     Interco also owns common law rights in these and other marks for use in connection with tires, wheels and other related goods. All of the aforementioned registered and common law trademarks are collectively referred to as the "Interco Trademarks."

14.     Interco Products, which feature the Interco Trademarks, include a wide variety of tires, wheels and related products.  Additionally, Interco has trade dress rights in other distinctive tires, as well as the shape, placement, and design of the distinctive tread patterns on its tires, wheels and related products.

15.     Interco conducts business throughout the United States, and markets its products in numerous foreign countries.

16.     The Interco Trademarks have been widely promoted, both in the United States and throughout the world, and are famous and widely recognized. Consumers, potential consumers and other members of the public and the tire industry not only associate the Interco Products with exceptional materials, style and workmanship, but also recognize that the Interco Products originate exclusively with Interco.

17.     Interco maintains quality control standards for all of Interco Products.  All genuine Interco Products are distributed through a network of authorized distributors and retailers.

18.     The Interco Trademarks are featured prominently in the advertising and promotion of Interco Products.  The Interco Trademarks are highly visible and distinctive worldwide symbols of excellence in quality and uniquely associated with Plaintiff.

19.     Accordingly, Interco has no choice but to commence this action to protect its valuable and famous Interco brand and trademarks.

## DEFENDANT'S ACTS

20.     Upon information and belief, Defendant manufactures, advertises, distributes, offers for sale and/or sells directly rings and other related goods under trademarks that are the same or substantially similar in design to Plaintiff's trademarks (the "Infringing Trademarks") including, without limitation, one or more of the following:

**"Bogger"**

**"Super Swamper"**

21.     Among other directly competing products, Defendant manufactures, distributes, advertises, offers for sale and sells directly rings and other related items that intentionally and directly copy Plaintiff's valuable marks and trade dress in their products.

22.     In many instances, Defendant uses the Infringing Trademarks prominently on its websites.  Further, Defendant's infringing products are available for sale on Defendant's websites.

23.     On February 23, 2016 counsel for Plaintiff contacted Defendant Earth Art to request that it stop manufacturing, distributing, selling and offering the infringing products. A copy of Plaintiff's counsel's letter to Earth Art is attached hereto as Exhibit B.

24.     Earth Art has not responded to said letter.

25.     Defendant has knowingly manufactured, advertised, offered for sale, sold and distributed infringing products bearing one or more of the Infringing Trademarks in interstate, intrastate and foreign commerce, including commerce in the State of Louisiana and in this judicial district.

Defendant has also knowingly advertised and promoted the infringing products using the Infringing Trademarks on the Defendant's web sites.

26.     The use by Defendant of the Infringing Trademarks on or in connection with the manufacturing, advertising, offering for sale, sale and distribution of infringing products is likely to cause confusion, or to cause mistake or to deceive.

27.     Defendant is not authorized by Plaintiff to manufacture, advertise, distribute, sell or offer to sell products bearing the Interco Trademarks.

28.     The Infringing Trademarks are being used by Defendant to mislead, deceive, and draw customers to infringing products and away from Plaintiff's authentic products.

## COUNT I

### (Trademark Infringement – 15 U.S.C. § 1114)

29.     Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

30.     The Interco Trademarks and trade dress in the Interco Products, and the goodwill of the businesses associated with them in the United States and throughout the world, are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in Interco.

31.     Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known, famous, and prior rights in the Interco Trademarks and trade dress, and the fact that Defendant's Infringing Trademarks are confusingly similar to the Interco Trademarks, and the infringing products intentionally trade on Interco's trademarks and trade dress, Defendant has

intentionally and knowingly advertised, manufactured, distributed, offered for sale and/or sold the infringing products to the consuming public in direct competition with Plaintiff's sale of genuine products, in or affecting interstate commerce.

32.     Defendant's use of the Infringing Trademarks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendant's infringing products, and is likely to deceive the public into believing infringing products sold by Defendant originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Interco's reputation, goodwill and sales.

33.     Defendant's use of the Infringing Trademarks to advertise, manufacture, distribute, offer for sale and/or sell infringing products to the consuming public was done with the willful intent to trade on Plaintiff's reputation and/or to infringe the Interco Trademarks and trade dress.

34.     Defendant's use of the Infringing Trademarks is likely to cause initial confusion, mistake and deception among consumers who are drawn to infringing products believing they originate from, are associated with or are otherwise authorized by Plaintiff, even if such consumers do not purchase Defendant's infringing products as a result of such confusion.

35.     Defendant's use of the Infringing Trademarks is likely to cause and is causing post-sale confusion, mistake and deception among prospective consumers who did not purchase infringing products, but view them and believe the products bearing the Infringing Trademarks sold by Defendant originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Interco's reputation, goodwill and sales.

36.     Plaintiff does not have an adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

37.     As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT II

### (Federal Trademark Dilution - 15 U.S.C. § 1125(c))

38.     Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

39.     The Interco Trademarks are "famous marks" within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and have been famous marks prior to Defendants' conduct as alleged herein.

40.     Defendant's advertisement, manufacture, distribution, sale and/or offer for sale in commerce of products bearing the Infringing Trademarks is likely to cause dilution by blurring, and/or dilution by tarnishment, of the distinctive quality of the Interco Trademarks, and was done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of the Interco Trademarks.

41.     Defendant's unauthorized use of the Interco Trademarks was done with notice and full knowledge that such manufacture, distribution, sale and/or offer for sale was not authorized or licensed by Plaintiff.

42.     Defendant's aforesaid acts are in knowing and willful violation of Plaintiff's rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

43.     Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

44.     As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT III

### (False Designation of Origin – 15 U.S.C. § 1125(a))

45.     Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

46.     Defendant's infringing products are of the same general nature and type as Plaintiff's goods; as such, Defendant's use of the Infringing Trademarks is likely to cause confusion among the general purchasing public.

47.     By misappropriating and using the Interco Trademarks, Defendant misrepresents and falsely describes to the general public the origin and source of Defendant's infringing products and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such merchandise.

48.     Defendant's unlawful, unauthorized and unlicensed manufacturing, advertising, distributing, offering for sale and/or selling of infringing products creates express and implied misrepresentations that such products were created, authorized or approved by Plaintiff, all to Defendant's profit and Plaintiff's great damage and injury.

49.     Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the Interco Trademarks, in connection with infringing products, in interstate commerce constitutes false designation of origin and unfair competition.

50.     Plaintiff has no adequate remedy at law.  If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

51.     As a result of Defendant's activities, Plaintiff has been damaged in an amount to be ascertained at trial.

## COUNT IV

### (Common Law Trademark Infringement)

52.     Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

53.     As a result of Plaintiff's hard work and investments in producing, providing and promoting Interco Products, Interco has built-up valuable good will in the Interco Trademarks. As such, the Interco Trademarks have become associated with Interco Products, and have come to symbolize the reputation for quality and excellence of Interco Products.

54.     Defendant's unauthorized use of the Interco Trademarks is likely to and does permit Defendant to pass off its infringing products to the general public to the detriment of Plaintiff and the unjust enrichment of Defendant.  Such acts by Defendant have caused and continue to cause confusion as to the source and/or sponsorship of such infringing products.

55.     Defendant's acts constitute willful infringement of Plaintiff's exclusive rights in the Interco Trademarks, in violation of common law.

56.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damage to its valuable trademarks in an amount to be ascertained at trial.

## COUNT V

### (Louisiana Law Trademark Infringement)

57.     Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

58.     Defendant's unauthorized use of the Interco Trademarks is likely to and does permit Defendant to pass off their infringing products to the general public to the detriment of Plaintiff and the unjust enrichment of Defendant. Such acts by Defendant have caused and continue to cause confusion as to the source and/or sponsorship of Defendant's infringing products.

59.     Defendant's acts constitute willful infringement of Plaintiff's exclusive rights in the Interco Trademarks, in violation of Louisiana Revised Statute 51:222.

60.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damage to its valuable trademarks in an amount to be ascertained at trial.


## COUNT VI

### (Louisiana Law Unfair Competition)

61.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the proceeding paragraphs of this Complaint.

62.     Defendant, with full knowledge of the fame of the Interco Trademarks, intended to and did trade on the goodwill associated with the Interco Trademarks.

63.     Defendant's acts have misled and continue to mislead and deceive the public as to the source of Defendant's infringing products, permit and accomplish palming off of Defendant's goods as those of Plaintiff, and falsely suggest a connection with Plaintiff.

64.     Defendant has engaged in unfair competition, which constitutes an unfair trade practice under Louisiana Revised Statutes 51:1401, *et seq*.

65.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damage to its valuable trademarks in an amount to be ascertained at trial.

## COUNT VII

### (Violation of Louisiana Anti-Dilution Statute)

66.     Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

67.     The Interco Trademarks are distinctive marks within the meaning of applicable Louisiana law, and have been distinctive and famous marks since prior to Defendant's conduct as alleged herein.

68.     Defendant's advertisement, manufacture, distribution, sale and/or offer for sale in commerce of products bearing the Infringing Trademarks dilutes the distinctive quality of the Interco Trademarks, and was and is being done with the willful intent to trade on Plaintiff's reputation and/or to cause dilution of the Interco Trademarks.

69.     Defendant's unauthorized use of the Interco Trademarks was and is being done with notice and full knowledge that such manufacture, distribution, sale and/or offer for sale was not authorized or licensed by Plaintiff.

70.     Defendant's aforesaid acts are in knowing and willful violation of Plaintiff's rights under in violation of Louisiana Revised Statute 51:223.1.

## PRAYER FOR RELIEF

WHEREFORE, Interco respectfully requests that this Honorable Court enter judgment in its favor and against Defendant on all of the above causes of action, as follows:

1.     Permanently enjoining Defendant, its officers, directors, principals, agents, servants, employees, successors, and assigns, and all those in concert or participation with them, from:

(a)     simulating, reproducing, counterfeiting, imitating, copying or making

unauthorized use of Plaintiff's marks and/or trade dress;

(b)     manufacturing, producing, distributing, circulating, selling, leasing, renting, offering for sale, offering for lease, offering for rent, advertising, promoting, or displaying any product, letterhead, brochure or promotional material bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's mark and/or trade dress;

(c)     using in any manner the Interco Trademarks, or any other designation that is confusingly similar to Interco or any of the Interco marks, including, but not limited to the Infringing Trademarks, as to be likely to cause confusion, deception or mistake on or in connection with the manufacturing, advertising, distributing, offering for sale or selling of any product not Plaintiff's, or not authorized by Plaintiff to be sold in connection with each of Interco Products or is likely to dilute the Interco Trademarks including, without limitation, as computer "meta-tags", key words and/or in connection with pay-per-click web search campaigns;

(d)     passing off, inducing or enabling others to sell or pass off, any product as and for products produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the Interco Trademarks;

(e)     From committing any acts calculated to cause purchasers to believe that Defendant's products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

(f)     From further diluting and infringing the Interco Trademarks, and damaging Plaintiff's goodwill;

(g)     From otherwise competing unfairly with Plaintiff in any manner; and

-13-

(h)      From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

2.      Finding that Defendant has infringed, and willfully infringed, the Interco Trademarks.

3.      Finding that Defendant has diluted, and willfully diluted, the Interco Trademarks.

4.      Finding that Defendant's use of the Infringing Trademarks have caused and/or are likely to cause confusion among the general purchasing public as to the source of origin of Defendant's products.

5.      Finding that Defendant's use of the Infringing Trademarks have caused and/or are likely to cause initial interest and post-sale confusion among the general purchasing public as to the source of origin of Defendant's products.

6.      Ordering Defendant to deliver up for destruction or show proof of destruction of any and all products, advertisements, publications, labels and any other materials in their possession, custody, or control that depict or reference the trademarks covered by this Court's Judgment;

7.      Ordering Defendant to file with this Court and to serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with any injunction resulting from this matter within thirty days after service of such injunction.

8.      Awarding Interco such damages, compensatory and otherwise, as the proof may show.

9.      Awarding Interco its reasonable attorneys' fees and costs incurred in connection with this action.

**AND ALL OTHER SUCH RELIEF THAT THIS HONORABLE COURT SHALL DEEM JUST AND REASONABLE.**

Respectfully submitted:


  /s/Ted M. Anthony
Ted M. Anthony, LA #21446 (T.A.)
Sarah B. Dupont, LA #35048
BABINEAUX, POCHÉ, ANTHONY
   & SLAVICH, L.L.C.
P. O. Box 52169
Lafayette, LA  70505-2169
Telephone:  (337) 984-2505
Fax:  (337) 984-2503
Email:  tanthony@bpasfirm.com
        sdupont@bpasfirm.com